UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARIOCH SHAEL SURRENCY,

   Plaintiff,

v.

CABLE WIRING SPECIALIST, INC.,
DECISIVE FIBER GROUP, INC.,
ELITE TELCO LOGISTICS, LLC,
MICHAEL W. FUREY,

   Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

  Plaintiff, ARIOCH SHAEL SURRENCY, brings this action against Defendants, CABLE WIRING SPECIALIST, INC., DECISIVE FIBER GROUP, INC., ELITE TELCO LOGISTICS, LLC, and MICHAEL W. FUREY, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ARIOCH SHAEL SURRENCY was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication via telephone with Defendant ELITE TELCO LOGISITCS, LLC.

4. At all times material hereto, Defendant, CABLE WIRING SPECIALIST, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of telecommunications cable wiring installation, at all times material hereto was the

1

"employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, DECISIVE FIBER GROUP, INC., was a Florida corporation with its principal place of business in Southwest Florida, engaged in commerce in the field of telecommunications cable wiring installation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, ELITE TELCO LOGISTICS, LLC, was a Texas corporation with its principal place of business in Austin, Texas, engaged in commerce in the field of telecommunications cable wiring installation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7. Defendants, CABLE WIRING SPECIALIST, INC., DECISIVE FIBER GROUP, INC., and ELITE TELCO LOGISTICS, LLC, were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

8. Defendant, MICHAEL W. FUREY, is a resident of Lee County, Florida and was, and now is, a manager of Defendant, DECISIVE FIBER GROUP, INC., and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, MICHAEL W. FUREY was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9.      Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to gloves, tool boxes, tools for installing cables, cell phones, and computers.

10.     Plaintiff ARIOCH SHAEL SURRENCY worked for Defendants as a foreman.

11.     Defendants failed to pay Plaintiff his full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

12.     Defendants failed to pay Plaintiff his full and proper minimum wages.

13.     Defendants failed to pay Plaintiff any compensation for entire periods of his employment.

14.     Attached as Exhibit A is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

15.     Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

16.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

17.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>ALL DEFENDANTS</u>

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:    (786) 358-6071
    Email: ekoz@kozlawfirm.com

    /s/ Elliot A. Kozolchyk
    _____
    Elliot Kozolchyk, Esq.
    Bar No.: 74791