UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61718- Gayles/Seltzer

ARIOCH SHAEL SURRENCY,

        Plaintiff,

v.

CABLE WIRING SPECIALIST, INC.,
DECISIVE FIBER GROUP, INC.,
ELITE TELCO LOGISTICS, LLC,
MICHAEL W. FUREY,

        Defendants.
_____/

## DEFENDANT CWSI'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Cable Wiring Specialist, Inc. ("CWSI"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, files his answer and affirmative defenses to the complaint (the "Complaint") [D.E. 1] filed in this action by Plaintiff, Arioch Shael Surrency, and states as follows:

CWSI denies every allegation of the Complaint not expressly otherwise admitted below. CWSI also specifically reserves the right to assert any additional affirmative defenses and matters of avoidance that may be disclosed during the course of additional investigation and discovery. CWSI's answer to each of the specifically enumerated paragraphs of the Complaint is as follows:

1.     CWSI admits that this Court has jurisdiction and that Plaintiffs have brought this action for recovery under the Fair Labor Standards Act (the "FLSA") but denies that Plaintiffs are entitled to relief under such act or any other statute, law or legal theory, and further denies the remaining allegations, inferences and legal conclusions contained in Paragraph 1 of the Complaint and demands strict proof thereof.

2. CWSI denies that Plaintiff was ever an employee of CWSI and is without knowledge and, therefore, denies the remaining allegations, inferences and legal conclusions contained in Paragraph 2 of the Complaint and demands strict proof thereof.

3. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 3 of the Complaint and demands strict proof thereof.

4. CWSI admits that it is a Florida corporation engaged in commerce that it had annual gross sales and/or business volume of $500,000 or more during the relevant time but denies the remaining allegations, inferences and legal conclusions contained in Paragraph 4 of the Complaint and demands strict proof thereof.

5. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 5 of the Complaint and demands strict proof thereof.

6. CWSI denies the allegations, inferences and legal conclusions contained in Paragraph 6 of the Complaint and demands strict proof thereof.

7. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 7 of the Complaint and demands strict proof thereof.

8. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 8 of the Complaint and demands strict proof thereof.

9. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 9 of the Complaint and demands strict proof thereof.

10. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 10 of the Complaint and demands strict proof thereof.

11. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 11 of the Complaint and demands strict proof thereof.

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

12. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 12 of the Complaint and demands strict proof thereof.

13. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 13 of the Complaint and demands strict proof thereof.

14. The document speaks for itself, but CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 17 of the Complaint and demands strict proof thereof.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. CWSI realleges its answers to paragraphs 1 through 17 above.

19. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 19 of the Complaint and demands strict proof thereof.

20. CWSI and is without knowledge and, therefore, denies the allegations, inferences and legal conclusions contained in Paragraph 19 of the Complaint and demands strict proof thereof.

CWSI denies that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of the Complaint. CWSI further demands judgment in its favor and against Plaintiff, as well as costs incurred in defending this claim.

## AFFIRMATIVE DEFENSES

1. CWSI states that it has no liability to Plaintiff as CWSI was never Plaintiff's employer as defined under the FLSA or Plaintiff's joint employer under *Layton v. DHL Express United States*, 686 F.3d 1172 (11th Cir. 2012) (setting forth the Eleventh Circuit's guidelines for determining whether a company utilizing a third-party contractor is a joint employer under the FLSA), and *Aimable v. Long & Scott Farms*, 20 F.3d 434 (11th Cir. 1994) (eight-factor test for determining joint employment generally). CWSI was not part of a common control of Plaintiff's job or job functions. CWSI never gave instruction to Plaintiff. CWSI had no direct dealings or verbal communications with Plaintiff. CWSI never provided Plaintiff with vehicles, tools or equipment that Plaintiff would have used during his employment   CWSI did not directly or indirectly supervise Plaintiff and never observed Plaintiff working. Plaintiff never worked at or upon CWSI's property. CWSI did not set Plaintiff's pay rates or method of payment. CWSI did not prepare Plaintiff's payroll and took no part in the payment of his wages. CWSI had no right, directly or indirectly, to hire or fire Plaintiff nor did CWSI have a right to modify his conditions of employment. Plaintiff was not performing a specialty job integral to the CWSI's business. Simply put, under the totality of the circumstances, and under the *Layton/Amiable* factors, CWSI was not Plaintiff's employer or joint employer.

2. CWSI states that none of its actions was "willful," as said term is defined by the FLSA, regulations, and interpretive case law, to the extent applicable.

3. CWSI states that CWSI had no role in causing any of the FLSA violations alleged by Plaintiff.

4. CWSI states that the Complaint fails to state a claim upon which relief may be granted because CWSI has no liability to Plaintiff under the FLSA or under any other legal theory. More specifically, CWSI was not the employer or joint employer of Plaintiff.

WHEREFORE, having fully answered the Complaint, CWSI prays that this Honorable Court dismiss with prejudice Plaintiff's claim in full, tax costs against Plaintiff and in favor of CWSI, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

    ASSOULINE & BERLOWE, P.A.

    *s/ Ellen M. Leibovitch*
    ELLEN M. LEIBOVITCH
    Florida Bar No. 656933
    eml@assoulineberlowe.com
    PETER E. BERLOWE
    Florida Bar No. 143650
    peb@assoulineberlowe.com
    1801 N. Military Trail, Suite 160
    Boca Raton, FL  33431
    Tel:    (561) 361-6566
    Fax:    (561) 361-6466

    Attorneys for Defendant, Cable Wiring Specialist, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing Generated by CM/ECF.

    *s/ Ellen M. Leibovitch*

5

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

## SERVICE LIST

*Arioch Surrency v. Cable Wiring Specialists, Inc., et al.*
CASE NO. 18-cv-61718- Gayles/Seltzer
United State District Court, Southern District of Florida

Elliot Kozolchyk
ekoz@kozlawfirm.com
Koz Law, P.A.
320 S.E 9th Street
Fort Lauderdale, FL 33316

Counsel for Plaintiff, Arioch Shael Surrency
*Via CM/ECF*