UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-61718- Gayles/Seltzer

ARIOCH SHAEL SURRENCY,

        Plaintiff,

v.

CABLE WIRING SPECIALIST, INC.,
DECISIVE FIBER GROUP, INC.,
ELITE TELCO LOGISTICS, LLC,
MICHAEL W. FUREY,

        Defendants.
_____/

## DEFENDANT CWSI'S RESPONSE TO STATEMENT OF CLAIM

Defendant, Cable Wiring Specialist, Inc. ("CWSI"), pursuant to this Court's Notice of Court Practice [D.E. 5], offers the following response to the statement of claim [D.E. 1 at Ex. "A"] filed by Plaintiff, Arioch Shael Surrency:

CWSI has no liability to Plaintiff as CSWI was never Plaintiff's employer. By way of background, the work allegedly done by Plaintiff all stems back to Hurricane Irma, which hit South and Southwest Florida on or about September 10, 2017 and caused area-wide devastation to persons, property, transportation systems, and utility systems. Among other things, Hurricane Irma affected in excess of seven (7) million cable and wireline telecom service customers in the South and Southwest Florida area.

Non-party, Comcast Cable Communications Management, LLC ("Comcast"), found itself in substantial emergency efforts to restore service to hundreds of thousands of its cable and internet customers. In an effort to restore service to its customers after Hurricane Irma, Comcast entered into a contract with CWSI to repair various line-related problems. Comcast agreed to pay a paid

CWSI a flat fee per defined problem/fix; at no time agreed to pay CWSI on an hourly basis for its services. Comcast also agreed, at its own cost, to provided CWSI with all wires, cabling, fiber-optic and equipment (the "Comcast Materials") required to repair Comcast's hurricane-damaged lines.

Soon thereafter, CWSI sub-contracted with Defendant, Decisive Fiber Group, Inc. ("DFGI"), to handle Comcast repairs in the Naples, Florida area. Generally, DFGI invoiced CWSI on a flat fee per defined problem/fix, and CWSI would pay DFGI based upon its invoices. CWSI also passed on any required Comcast Materials to DFGI without charge.

Apparently, DFGI in turn sub-contracted with Defendant, Elite Telco Logistics, LLC ("ETL"), to provide some of the linemen necessary to fulfill DFGI's contractual obligations to CSWI in the Naples, Florida area. Upon information and belief, ETL typically invoiced DFGI on a flat fee per defined problem/fix and DFGI paid ETL based upon those invoices. DFGI also passed on any required Comcast Materials (which DFGI received from CWSI ) to ETL without charge. Indeed, as ETL needed wires, cabling, fiber-optic or equipment for a Comcast problem/fix, ETL would make a request to DFGI's foreman, the DFGI foreman would then pass on the request to CWSI, CWSI would deliver the Comcast Materials to DFGI, and DFGI would then deliver the Comcast Materials to ETL.

In summary:

- CWSI had no direct dealings with ETL or any of ETL's workers, including Plaintiff.
- CWSI never had any verbal communications with Plaintiff.
- CWSI never gave instruction to Plaintiff.

ASSOULINE & BERLOWE, P.A.
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

- CWSI never provided to Plaintiff the vehicles, tools or equipment that Plaintiff would have used during his employment.[1]

- CWSI never observed Plaintiff working.

- Plaintiff never worked at or upon any CWSI property.

- CWSI never agreed to pay Plaintiff or any ETL employee an hourly wage.

The fact is that CWSI was not Plaintiff's employer as defined under the Fair Labor Standards Act ("FLSA"). *See Layton v. DHL Express United States*, 686 F.3d 1172 (11th Cir. 2012) (setting forth the Eleventh Circuit's guidelines for determining whether a company utilizing a third-party contractor is a joint employer under the FLSA), and *Aimable v. Long & Scott Farms*, 20 F.3d 434 (11th Cir. 1994) (eight-factor test for determining joint employment generally). There was no arrangement by which CWSI would share in Plaintiff's services. CWSI was not part of a common control of Plaintiff's job or his job functions. CWSI had no control over Plaintiff but rather ETL (in large part) and DFGI (in small part) did. CWSI did not directly or indirectly supervise Plaintiff. CWSI did not negotiate Plaintiff's pay rates or method of payment and previously paid DFGI for Comcast-related problems/fixes on a flat fee basis. CWSI had no right, directly or indirectly, to hire or fire Plaintiff nor did CWSI have a right to modify his conditions of employment. CWSI did not prepare Plaintiff's payroll and took no part in the payment of his wages. Plaintiff was not performing a specialty job integral to the CWSI's business. Simply put, under the totality of the circumstances, and under the *Layton/Amiable* factors, CWSI was not Plaintiff's employer or joint employer, and Plaintiff was never CWSI's employee.

---

[1] Although Comcast required that all persons working on Comcast projects have a Comcast photo identification badge, DFGI took Plaintiff's photo and sent it to CWSI, and CWSI in turn created and sent Plaintiff's identification badge to DFGI.

3

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

As an aside, it should be pointed out that, even if Plaintiff is owed unpaid wages, Plaintiff's counsel has misrepresented the amount owed. Plaintiff's statement of claim states that Plaintiff worked 84 hours each week for the 3.71 weeks between September 24, 2017 and October 19, 2017. However, Plaintiff's own documents produced by his counsel show the following: (1) during the week of September 22, 2017, Plaintiff allegedly worked only 56 hours (or 16 overtime hours); (2) during the week of September 29, 2017, Plaintiff allegedly worked only 69 hours (or 29 overtime hours); (3) during the week of October 6, 2017, Plaintiff allegedly worked only 82 hours (or 42 overtime hours); and (4) during the week of October 13, 2017, Plaintiff allegedly worked only 18 hours (no overtime hours). Plaintiff's statement of claim is false on its face.

ASSOULINE & BERLOWE, P.A.

*s/ Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
PETER E. BERLOWE
Florida Bar No. 143650
peb@assoulineberlowe.com
1801 N. Military Trail, Suite 160
Boca Raton, FL  33431
Tel:    (561) 361-6566
Fax:   (561) 361-6466

Attorneys for CWSI, Cable Wiring Specialist, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing Generated by CM/ECF.

*s/ Ellen M. Leibovitch*

5

## SERVICE LIST

*Arioch Shael Surrency v. Cable Wiring Specialists, Inc., et al.*
CASE NO. 18-cv-61718- Gayles/Seltzer
United State District Court, Southern District of Florida

Elliot Kozolchyk
ekoz@kozlawfirm.com
Koz Law, P.A.
320 S.E 9th Street
Fort Lauderdale, FL 33316

Counsel for Plaintiff, Arioch Shael Surrency
*Via CM/ECF*